IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40634
Summary Calendar
_____


ROBERT WARD, Individually, and as next friend
of Marian Ward, a minor; MARJORIE WARD,
Individually, and as next friend of Marian Ward,
a minor,

                                        Plaintiffs-Appellants,

                        versus

SANTA FE INDEPENDENT SCHOOL DISTRICT,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. G-99-CV-556)
_____
March 14, 2002


Before REAVLEY, HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellants Robert and Marjorie Ward, individually and on behalf of their daughter Marian Ward, appeal the decisions of the district court to dismiss this case as moot and to deny leave to amend the complaint to add a claim for actual damages. We affirm.

We essentially agree with the district court's reasoning as set forth in its excellent memorandum and order entered on March 23, 2001. The case is moot inasmuch as Marian Ward has now graduated and the 1999 football policy at issue has been rescinded. "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." McClelland v. Gronwaldt, 155 F.3d 507, 514 (5th Cir. 1998) (internal quotations omitted). The district court could fashion no meaningful relief beyond the injunctive relief and attorney's fees it had already granted.

The district court did not err in dismissing the claims of Robert and Marjorie Ward as well. Regardless of their standing, their individual claims were also mooted by the rescission of the 1999 football policy.

Appellants argue that their claim for nominal damages compelled the district court to conclude that the case was not moot. In the circumstances presented, however, we fail to see how the pendency of such a claim should allow the continuation of an otherwise moot case. As discussed above, appellants received all the meaningful relief they sought during 1999, and the 1999 policy has now been rescinded. The inclusion of a claim for nominal damages does not in our view convert an otherwise moot case into a live controversy. To hold otherwise would allow appellants to litigate the constitutionality of a policy, and a controversy, which simply no longer exists.

2

The remaining issue is whether the district court erred in denying leave to amend the complaint to add a claim for actual damages. "Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993).

The district court found that leave to amend should be denied because appellants had waited almost a year to seek leave, which amounted to undue delay. Leave should be freely given absent "any apparent or declared reason—such as undue delay . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). In addition, the district court correctly noted that even if the word "nominal" were deleted from the complaint as appellants asked in requesting leave to amend, appellants did not proffer an amended complaint and the original complaint would not support a claim for mental anguish damages. The mental anguish damages to Marian Ward were presumably the result of alleged intimidation by school officials at Sante Fe High school, but the complaint did not allege that this intimidation was caused by a school district policy or custom reflecting a deliberate or conscious choice by district policymakers, see City of Canton v. Harris, 489 U.S. 378, 389 (1989), or by an official with final policymaking authority, see Pembaur v. City of Cincinnati, 475 U.S. 469, 481- 484 (1986), an essential element for liability of the defendant school district. The complaint still would have been insufficient to support an award of mental anguish damages. Leave to amend need not be given if the complaint as

3

amended would be subject to dismissal.  Pan-Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 546 (5th Cir. 1980).

For these reasons we cannot say that the district court abused its discretion in denying leave to amend.

AFFIRMED.